# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DION YVETTE AUSTIN,**

    Plaintiff,

    v.                                                Case No. 16-CV-1296

**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

## ORDER DENYING DEFENDANT'S
## MOTION FOR RELIEF FROM AN ORDER

Dion Austin-Martin alleges that she became disabled on April 25, 2011, as a result of a car accident that caused injuries to her back, neck, shoulder, and hips. She applied for disability benefits in early 2012 but was denied at the administrative level by an administrative law judge. Ms. Austin-Martin then sought judicial review pursuant to 42 U.S.C. § 405(g), arguing that the ALJ's decision should be reversed and that she should be awarded benefits. Alternatively, Ms. Austin-Martin sought to have the matter remanded to the Commissioner of Social Security to consider an assessment that her primary care physician, Matthew Richlen, M.D., had rendered subsequent to the ALJ's decision.

On February 13, 2018, the Court issued a decision and order remanding this matter to the Commissioner for consideration of Dr. Richlen's assessment pursuant to sentence six of § 405(g). *See* Decision and Order, ECF No. 19. The Court

determined that, despite being completed well after the ALJ's decision, Dr. Richlen's assessment constituted "new evidence" for purposes of a sentence-six remand because it provided "a new perspective" from a primary care physician, and the record did not contain any other medical opinions from a treating source. *Id.* at 9–10. The Court also determined that the assessment was "material," as Dr. Richlen had opined that Ms. Austin-Martin's combined impairments medically equaled a presumptively disabling impairment. *Id.* at 10–11. Finally, the Court concluded that, in this instance, Ms. Austin-Martin's deficient representation at the administrative level established "good cause" for her failure to seek out and include a medical opinion from Dr. Richlen in the earlier record. *Id.* at 11.

The Commissioner has filed a motion requesting the Court to reconsider its remand order "in light of the [Social Security] Act, the enabling regulations, and Seventh Circuit precedent." *See* Defendant's Motion for Relief from an Order 1, ECF No. 20. The Commissioner argues that Ms. Austin-Martin had a duty to obtain evidence of her disability, whether or not she was represented by counsel at the administrative level, and that Dr. Richlen's opinion was based on information available during those proceedings. The Commissioner further argues that the alleged ineffectiveness of counsel did not relieve Ms. Austin-Martin of that duty and, therefore, Ms. Austin-Martin did not show good cause for failing to provide Dr. Richlen's assessment during the administrative proceedings.

"Motions for reconsideration do not exist under the Federal Rules." *Mangan v. Colvin*, Case No. 12 C 7203, 2014 U.S. Dist. LEXIS 120515, at *1 (N.D. Ill. Aug.

28, 2014) (citing *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001)). Rather, "[s]uch motion are properly brought pursuant to Rule 59(e) or Rule 60(b)." *Mangan*, 2014 U.S. Dist. LEXIS 120515, at *1. Rule 59(e) permits a losing party to seek to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Likewise, a losing party may seek relief from a judgment or order under Rule 60(b) "for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington*, 433 F.3d at 546. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

The Commissioner has not provided a sufficient basis for relief under Rule 59(e) or Rule 60(b). A sentence-six remand does not result in a judgment from the district court, *see Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991), and the Court did not enter one. Thus, the Commissioner is not entitled to relief under Rule 59(e). Likewise, the Commissioner's arguments do not satisfy any of the grounds for relief listed in Rule 60(b). The legal authority cited by the Commissioner, *see* Def.'s Mot. 5–6, does not compel that a change in representation can never, under any circumstances, provide "good cause" for a sentence-six remand. And the Commissioner's remaining arguments were already presented to and rejected by the Court. *See Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269

(7th Cir. 1996) (explaining that motions for reconsideration cannot be employed to rehash old arguments or present arguments that could have been made previously). The Court stands by the reasoning of its remand order.

Accordingly, for all the foregoing reasons, the Court will deny the Commissioner's motion for reconsideration.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Relief from an Order, ECF No. 20, is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2018.

                                                 **BY THE COURT:**

                                               *s/ David E. Jones*
                                               DAVID E. JONES
                                               United States Magistrate Judge